## JAMS ARBITRATION

| | |
|---|---|
| FRANK W. HAKE, INC., )<br>   Claimant/Counter-Respondent, )<br>)<br>v. )<br>)<br>LURGI LENTJES NORTH AMERICA, INC., )<br>   Respondent/Counter-Claimant. )<br>) | Reference No. 1410003829 |

### ORDER NO. 2

Pursuant to the preliminary conference held this date, it is hereby,

**ORDERED as follows:**

1. There is no dispute concerning the arbitrability of any claims herein.

2. The governing substantive law is the law of Maryland, the governing procedural law is the Federal Arbitration Act, and the governing rules are the JAMS Comprehensive Arbitration Rules.

3. There are no additional parties whose joinder is required for a just award.

4. The parties have agreed to hold the arbitration hearing at the JAMS Resolution Center in Washington, DC.

5. The parties have agreed to have the hearing recorded by a court reporter, who shall transcribe such portions as the arbitrator may require. (Claimant's counsel is requested to arrange for the reporter.)

6. Neither side expects to file any dispositive motions.

7. No testimony will be submitted in writing.

8. No hearing participants will require any special assistance.

9. By April 11, 2005, Hake will provide to Lurgi a copy of its expert witness report, a disk containing the project-related e-mails of six or seven of its key personnel, and the names of six Lurgi employees whose project-related e-mails it requests be produced.

10. By April 11, 2005, either side may issue a list of documents to be identified pre-hearing.

11. From April 11-22, 2005, each side shall make its project-related documents available for inspection by the other side and copying (at the requesting side's cost).

12. By May 2, 2005, Lurgi will produce a detailed calculation of its damages (comparable to that provided by Hake) and a disk containing the project-related e-mails requested by Hake.

13. By May 2, 2005, Hake will advise Lurgi and the arbitrator whether PSE&G will voluntarily produce its non-privileged documents which are material to this arbitration.

14. From May 2 – June 10, 2005, each side may depose up to five of the other side's witnesses for not more than seven hours each.

15. By June 30, 2005, Lurgi will produce its expert report.

16. From July 1 -22, 2005, each side may depose the other side's expert for up to fourteen hours each.

17. By August 12, 2005, the parties will file their witness lists, binders of joint and separate exhibits, and responses to the request to identify documents. Except for impeachment on purely collateral matters, no witness may testify, nor exhibit be received unless the offering party has complied with this paragraph.

19. By August 19, 2005, each side may file a pre-hearing memorandum of not more than ten pages in length.

20. On August 29, 2005, a hearing will be held in New Jersey, at a time and place to be determined, if that is necessary in order to obtain PSE&G's documents.

21. The hearing will be held in Washington, DC from 9:00 am – 6 pm each weekday from September 6 through September 20, 2005, as well as Saturday, September 10, 2005.

22. Such transcripts as may be needed will be delivered by September 27, 2005.

23. Post-hearing briefs will be due September 30, 2005.

24. The award shall be issued by October 31, 2005.

April 4, 2005

Curtis E. von Kann
Arbitrator