# STARK&STARK
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

KEVIN M. HART
DIRECT DIAL NUMBER
609-895-7334
DIRECT FAX NUMBER
609-895-7395
E-MAIL
khart@stark-stark.com

OFFICE: 993 LENOX DRIVE  LAWRENCEVILLE, NJ 08648-2389
MAILING: PO BOX 5315  PRINCETON, NJ 08543-5315
609-896-9060 (PHONE)   609-896-0629 (FAX)
WWW.STARK-STARK.COM

September 16, 2005

**VIA E-MAIL ONLY**

Honorable Curtis E. von Kann
JAMS
555 13th Street, NW
Suite 400 West
Washington, DC  20004

Re: **Frank W. Hake, Inc. v. Lurgi Lentjes North America, Inc.**
    **JAMS Arbitration No. 1410003829**

Dear Judge von Kann:

As I previously advised, the undersigned has assumed the role of lead counsel in the above-captioned matter, replacing my partner Craig S. Hilliard, Esquire, on behalf of Lurgi Lentjes North America, Inc. ("Lurgi").

The purpose of this letter is to first place on the record certain objections made on behalf of Lurgi in response to rulings made by Your Honor, as set forth in ORDER NO. 6. ORDER NO. 6 was issued by Your Honor on September 2, 2005, as a result of a telephone conference between the parties in which a request was made by this firm on behalf of Lurgi for an adjournment of the proceeding based upon a medical emergency that had arisen with respect to Mr. Hilliard. As set forth in Your Honor's Order, on August 31, 2005, Mr. Hilliard was forced to take an emergency medical leave of absence from all his cases and other responsibilities at Stark & Stark, P.C., which include representing Lurgi in this matter. We pointed out that Mr. Hilliard has been the lead counsel for Lurgi in this arbitration from its inception and has continuously been involved in all aspects of the case, including fact development and other discovery, legal strategy, witness preparation, hearing tactics and the like. At the time of his emergency medical leave, he was actively preparing to represent Lurgi at the evidentiary hearing before Your Honor.

Mr. Hilliard continues to be on medical leave and there is no projected date for his return. As such, Mr. Hilliard will be unable to participate in the arbitration hearing in any meaningful way, and despite having been the lead attorney on the case for almost a year, he has not been actively involved at this most critical time of case preparation. Based upon Mr. Hilliard's medical condition, and its

**STARK&STARK**
A PROFESSIONAL CORPORATION

Honorable Curtis E. von Kann
September 16, 2005
Page 2

proximity to the scheduled commencement, a request was made on Lurgi's behalf for an adjournment of the hearing for a reasonable time, to allow for the substitution of trial counsel to assume Mr. Hilliard's responsibilities in this matter.

However, these circumstances were complicated by the fact that the claimant, Frank W. Hake, Inc. ("Hake"), has taken the position that Hake and its parent company, Matrix, will suffer economic prejudice if the arbitration does not proceed promptly and result in an award by October 31, 2005. (While representations were made by counsel regarding the Hake/Matrix financial problems, there was no evidence presented to Your Honor that detailed the claimed financial difficulties or the prejudice allegedly to be incurred.) As was addressed during the telephone conference leading up to ORDER NO. 6, Your Honor's schedule is such that there are reportedly only limited dates available for the hearing of this matter. As was indicated in paragraph 6 of ORDER NO. 6, if this matter is not concluded by October 31, 2005, based upon Your Honor's schedule, the matter would have to be adjourned until January 2006.

In making the ruling which established the start date for the hearing, Your Honor indicated that, despite the medical problems suffered by Mr. Hilliard, between the law firms of Stark & Stark, P.C. and Wormser, Kiely, Galef & Jacobs LLP[1], there appear to be a sufficient number of attorneys that could assume the responsibilities of Mr. Hilliard and get up to speed in the two and one-half weeks that remained before the hearing commencement date of September 19, 2005. We respectfully disagree.

While I have assumed Mr. Hilliard's role as lead counsel and will commence this matter on September 19th, an obvious prejudice has resulted to Lurgi from the limited time I have had available to familiarize myself with all aspects of this case. This matter is extremely complex, involving complicated engineering, construction and related theories, and literally hundreds of

---

[1] Additionally, in ORDER NO. 6, Your Honor suggested that Glenn M. Azzinari, Esq. of the Wormser Kiely firm would be able to participate and possibly assume some of the responsibilities of Mr. Hilliard. Although Mr. Azzinari had previously participated in the Mediation of this matter (which involved no discovery and only an exchange of position papers), he has had only limited involvement in the arbitration since its inception.

**STARK & STARK**
A PROFESSIONAL CORPORATION

Honorable Curtis E. von Kann
September 16, 2005
Page 3

thousands of documents.[2]  Hake's lead counsel, who has been involved in the case from the beginning, will have an extraordinary advantage in understanding those complexities, to my client's detriment.

Nevertheless, pursuant to the terms of Your Honor's Order, we have made every effort to take on the daunting task of preparing to proceed on the designated date.  However, we wish to make clear for purposes of the record that while Lurgi will proceed on that date in accordance with <u>ORDER NO. 6</u> and despite its stated objection, we are doing so under protest.  We believe our client has suffered substantial prejudice due to the limited time within which we have had the ability to prepare this matter.  Therefore, pursuant to the JAMS Rules and the Federal Rules of Arbitration, we wish the record to reflect that, while Lurgi will comply with the Court's <u>ORDER NO. 6</u> and proceed on September 19, 2005, it is doing so under protest due to the inadequate time allowed to prepare this matter for the scheduled hearing.

There is also a second matter which Lurgi presents and requests to be made a part of the record, relating to issues surrounding the deposition of the plaintiff's expert, Walter Wachter.  To wit, at the time of Mr. Wachter's deposition at the end of August, and contrary to the provisions of previous Orders entered in this matter, Mr. Wachter served a supplemental expert report.  This turn of events was the subject of a telephone conference between Your Honor, Mr. Hilliard and Jonathan M. Preziosi, Esquire, on or about August 28, 2005.  Lurgi set forth its position that Mr. Wachter's report obviously represents a "new expert theory on the case," and espouses substantially different theories than those set forth in his original report.  However, Your Honor deemed the new materials and opinions not to constitute a supplementary expert report.  Lurgi disagrees with the ruling made on that date, believes that the report is contrary to the Orders entered in this matter and further unduly prejudices Lurgi.

Based on the above, I am requesting on behalf of Lurgi that the record of these proceedings reflect Lurgi's protest as to these matters, as well as Lurgi's reservation of its rights with regard to the prejudice to Lurgi resulting from the rulings made on these matters.

---

[2] By way of illustration, Mr. Hilliard had prepared approximately 600 exhibits for potential use at the hearings.

**STARK & STARK**
A PROFESSIONAL CORPORATION

Honorable Curtis E. von Kann
September 16, 2005
Page 4

The foregoing is limited to the circumstances existing as of the start of this week. As we discussed with you today, Lurgi's expert witness, Willis Hembree of HDH Consultants, suffered a cardiac incident yesterday. We still do not know the specific details of that event or of its impact on this matter. We look forward to the opportunity of discussing this new issue with you when the relevant facts are determined.

Respectfully submitted,

STARK & STARK
A Professional Corporation

By: _____
    KEVIN M. HART

KMH/cac

c.:   Glenn M. Azzinari, Esquire
      Jonathan M. Preziosi, Esquire
      Scot T. Ojard