IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIED ENVIRONMENTAL SOLUTIONS, INC., formerly known as, Lurgi Lentjes North America, Inc. 9730 Patuxent Woods Drive, Suite 100 Columbia, Maryland 21046-1626,<br><br>　　　Petitioner,<br><br>　　　v.<br><br>FRANK W. HAKE, INC., 1500 Chester Pike Eddystone, Pennsylvania 19022,<br><br>　　　Respondent. | **Civil Action No.** |

## DECLARATION OF STEPHEN R. DELLERS, P.E.

I, Stephen R. Dellers, P.E., declare as follows:

　　1.　　I am over the eighteen years of age and am competent to give the testimony set forth in the Declaration.

　　2.　　I hold a Bachelor of Science degree in mechanical engineering from Virginia Polytechnic Institute and State University. I am a licensed professional engineer in the Commonwealth of Virginia. I have over twenty years' experience in construction project management and construction claims consulting. My curriculum vitae is attached hereto as Exhibit A.

　　3.　　I am a Principal at HDH Construction Consultants, Inc. ("HDH"), an engineering and construction consulting firm that has consulted on construction claims for a wide variety of projects throughout the world.

4. I am submitting this Declaration at the request of counsel for Lurgi Lentjes North America, Inc. ("LLNA") in the captioned action to discuss the sequence of events leading up to the arbitration award in JAMS Arbitration Reference No. 1410003829 ("Arbitration").

### My Initial Involvement Was Very Limited

5. HDH was retained by LLNA in March 2005 to provide expert consulting and witness services for purposes of the Arbitration of contractual disputes between LLNA and Frank W. Hake, Inc. ("Hake") arising from a $28.5 million subcontract for the construction of a selective catalytic reactor system ("SCR") for a large power station owned by PSE&G. From the outset of this engagement, my colleague, Willis Hembree, was designated "Principal in Charge" and led the project effort. Between April and early September, 2005, Mr. Hembree devoted the majority of his professional time to preparing for that Arbitration.

6. In the four weeks leading up to Mr. Hembree's July 15, 2005, submission of his expert report, Mr. Hembree asked me to assist him with certain discrete tasks that did not involve a substantive knowledge of the particular facts of the case. (*E.g.*, I provided methodological critiques of opinions and calculations expressed in Hake's expert's report.) I was not involved in the day-to-day activities of the project, substantive document review, or litigation strategy while Mr. Hembree was serving as the Principal in Charge. I did not have a working knowledge of the large number of documents in the case, nor knowledge of the details of many of the parties' claims and defenses. I did not deal directly with LLNA's counsel at this time.

### Mr. Hembree Became Unavailable Because Of His Health

7. In the days immediately before the Arbitration hearing was scheduled to commence, Mr. Hembree had a cardiac episode that required his hospitalization. I served as a

conduit of information between Mr. Hembree and LLNA's counsel to provide updates of Mr. Hembree's medical status.

8. On September 29, 2005, I had a telephone conference call with the Arbitrator and counsel for LLNA and Hake. Due to Mr. Hembree's personal medical condition and a recent family tragedy (his brother's massive heart attack), it became increasingly clear that Mr. Hembree would not be able to serve as a testifying expert and consultant unless the Arbitration was adjourned and continued. I was asked how much time I needed to "get up to speed" on the rebuttal issues outlined in Mr. Hembree's expert report in order to serve as a testifying expert witness on LLNA's behalf. The Arbitrator ordered that the portion of the case in which LLNA's expert would offer testimony, and Hake's expert's would offer a portion of direct testimony and his cross-examination, would be postponed until mid-November. However, the rest of the Arbitration continued to move forward as scheduled.

## LLNA Was Prejudiced Without Mr. Hembree's Participation

9. Over the next six weeks, I worked to familiarize myself sufficiently with the issues to offer an expert opinion on the issues delineated in Mr. Hembree's report and the narrow issues upon which I was asked to opine. In no way did I review the breadth of materials that Mr. Hembree did in the five months he prepared for the case. Given my need to prepare my testimony, and my limited background in the case, I was not able to offer LLNA's counsel ongoing assistance during the rest of the Arbitration hearing days in September and October, as Mr. Hembree had planned to provide. My role was strictly as a testifying expert—not a general litigation consultant or repository of institutional knowledge, like Mr. Hembree. I only attended four hearing days in November.

10.  I believe that LLNA was prejudiced when the Arbitrator refused to continue the hearing to allow Mr. Hembree's participation. LLNA had already lost its lead counsel, Craig Hilliard, and then it subsequently lost the services of Willis Hembree, LLNA's principal expert and the litigation team member with the greatest substantive knowledge of the litigation issues.

11.  LLNA's counsel was also deprived of an expert consultant's presence and assistance during the hearings themselves. This was a particular disadvantage given the recency of Kevin Hart's conscription to serve as lead counsel.

Pursuant to 28 U.S.C. § 1746, I declare under the penalties of perjury that the foregoing declaration is true and correct.

Executed on: 11 February 2006

_____
Stephen R. Dellers, P.E.

# EXHIBIT A



## STEPHEN R. DELLERS, P.E.

**PROFESSIONAL REGISTRATION:** Professional Engineer, Commonwealth of Virginia #17530

**EDUCATION:** Virginia Polytechnic Institute and State University
Blacksburg, VA
B. S. M. E., June 1983

**LECTURER:** Client Training Seminar:
*"Principals of the FIDIC Construction Contract Forms"* - 1999
Lorman Business Center – Baltimore
*"Construction Contracting for Public Entities"* - 1997
New England Surety Bond Claim Managers Association
*"Post-Default Investigations"* - 1994

**PROFESSIONAL ENGAGEMENTS:** Vice-President,
**HDH CONSTRUCTION CONSULTANTS, INC.**
Annapolis, MD

Project Manager/Senior Project Manager
**WILSON MANAGEMENT ASSOCIATES, INC.**
Glen Head, NY

Provided construction consulting services relating to the preparation, presentation and defense of construction claims to engineers, owners, contractors and subcontractors. In-depth involvement in all aspects of claims resolution including: schedule analysis, quantification of delays, damages calculations, preparation of comprehensive reports, expert testimony and litigation support.



### STEPHEN R. DELLERS, P.E.

Project Manager
**OLVER INCORPORATED**
Blacksburg, VA

Managed the construction of wastewater treatment facilities on behalf of design engineer. Responsible for coordinating activities of contractors and owner, negotiating change orders, review and approval of pay requests, review of submittals, and project closeout. Participated in the formation of a regional solid waste disposal Authority, including preparation of numerous reports, cost estimates, and feasibility studies.

Design/Project Engineer
**OLVER INCORPORATED**
Blacksburg, VA

Complete mechanical design of a metal plating industrial wastewater pretreatment facility including process equipment, heating, ventilation and start-up services. Design and preparation of specifications for several unit processes for a regional wastewater treatment facility. Prepared and reviewed pre-qualification documents for EPA funded wastewater treatment projects.

Engineering Assistant
**VIRGINIA POLYTECHNIC INSTITUTE & STATE UNIVERSITY**
Blacksburg, VA
Performed energy audits for small businesses and prepared written reports identifying and prioritizing energy saving measures. Calculated anticipated savings and pay back period achieved by the recommended energy saving programs.



## STEPHEN R. DELLERS, P.E.

| | |
|---|---|
| **EXPERT TESTIMONY:** | Industrial Wastewater Pretreatment Facility<br>*New York*<br><br>Potable Water Reservoir Seismic Upgrade<br>*California*<br><br>21.5MW Biomass Power Station<br>*Alberta Canada*<br><br>Repair of Wastewater Outfall Line<br>*Vermont*<br><br>160MW Simple Cycle Power Station<br>*Columbia*<br><br>Biological Pharmaceutical Facility<br>*New Hampshire*<br><br>1500 TPD Bleached Kraft Pulp Mill Project<br>*Indonesia*<br><br>University Life Science Building<br>*Virginia*<br><br>500MW Combined Cycle Power Station<br>*Texas*<br><br>National Telephone Network Operation Center<br>*Egypt*<br><br>600MW Combined Cycle Power Station<br>*Ohio* |