IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIED ENVIRONMENTAL SOLUTIONS, INC.,<br>   formerly known as,<br>   Lurgi Lentjes North America, Inc.<br>   9730 Patuxent Woods Drive, Suite 100<br>   Columbia, Maryland 21046-1626,<br><br>       Petitioner,<br><br>      v.<br><br>FRANK W. HAKE, INC.,<br>   1500 Chester Pike<br>   Eddystone, Pennsylvania 19022,<br><br>       Respondent. | Civil Action No. |

**DECLARATION OF LEWIS J. PEPPERMAN**

I, Lewis J. Pepperman, declare as follows:

1. I am an attorney-at-law of the State of New Jersey and have been admitted to the practice of law since 1977. I am a shareholder and a co-managing director of Stark & Stark, A Professional Corporation ("the firm"). I am responsible for managing all of the business practices at the firm, including all business litigation. I have held the position of co-managing director since March, 1999. Prior to that time I served on the firm's executive committee (since 1983) and was also in charge of business litigation at the firm.

2. On Wednesday, August 31, 2005, I was contacted by one of our shareholders, Craig Hilliard ("Craig"), who asked to meet with me on an urgent basis. I met with Craig in his office and immediately realized that something was wrong. Craig explained to me that he was having various personal problems unrelated to his work. This was totally out of character for the Craig that I had known for over fifteen years. It was also a total surprise and a shock to me.

Craig said that, as a result of those personal problems, he could not focus on his work and could not continue to perform his duties as an attorney at the firm. Craig and I met for approximately two hours. At the end of the meeting it was clear to me that, at a minimum, Craig needed time off from the firm and the practice of law and that it would be necessary for me to take over his case load. Craig then left the office with the understanding that I would be the shareholder responsible for his caseload. At that point, I had no idea if Craig was going on temporary leave and whether he would ever return to the practice of law and the firm. At that point, as far as I was concerned, Craig was relieved of all of his responsibilities at the firm.

    3.    Immediately after meeting with Craig, I met with Martin Schrama ("Marty") who is an associate at our firm. Marty had been working with Craig on many of his cases and was involved with an arbitration case we were handling for Lurgi. Marty is a 1997 law school graduate and did not have the experience, in my view, to handle this complex arbitration as the lead counsel for Lurgi. Indeed, it was apparent to me after our meeting, that Craig had taken the lead in this matter and had handled most of the depositions and pre-hearing proceedings himself. Therefore, after meeting with Craig and then Marty, I set about to determine which of our shareholders could "step in" for Craig and work with Marty on this case. I also started to take the same action for Craig's other cases.

    4.    As a result, I immediately approached one of our shareholders and senior litigators, Kevin Hart ("Kevin") and discussed the situation with him. Kevin agreed to review his caseload and get back to me to see if he could make the commitment to handle this case. I told Kevin that we would be seeking a postponement of the case and that I wanted him to get involved as soon as possible. Kevin advised me that he would get back to me as quickly as possible.

5. After advising the client of the situation, Marty and I arranged for a conference call with the arbitrator and opposing counsel. The conference call took place on September 1, 2005. Marty and I participated in the call. I explained the situation to the arbitrator, Judge Curtis E. von Kann. He indicated that he would agree to postpone the case if the plaintiff agreed, with the understanding that his schedule would not permit the hearing to start until sometime in January, 2006. The reason for the delay until January was due to the fact that the arbitrator was busy until that time. Jonathan M. Preziosi, counsel for the plaintiff from the law firm of Pepper Hamilton LLP, advised the arbitrator that his client could not agree to an adjournment. He advised that his client was in a financial position where they needed a decision in this case no later than October 31, 2005, or there would be dire financial consequences to his client that might put his client out of business. Mr. Preziosi did not give any details as to this issue nor did he submit anything to substantiate these representations. Ultimately, after continued argument by both sides, the arbitrator decided that no postponement would be granted and the case would proceed. (Apparently, there was an earlier joint request to adjourn the hearing until September 19, 2005, and the arbitrator agreed that this earlier request for an adjournment would be granted. He reminded the parties that based upon the date that this earlier adjournment was jointly requested, the parties would be responsible for his fees which, for the two week delay, would be approximately $40,000.)

6. After this conference call, I met with Kevin, and we discussed the Arbitrator's refusal to grant Lurgi's request for a postponement. We also discussed that the Arbitrator insisted that the hearing was to proceed in September 2005. Kevin and I started to review his caseload and commitments for the months of September and October. It was agreed that Kevin would spend as much time possible on the Lurgi matter and that I would assist him in getting

3

coverage for his remaining caseload.

7. Craig left the office during the morning of August 31, 2005 (after our meeting that day) and did not return until October 4, 2005, when he returned on a limited basis. During that period, Craig was considered to be on a leave of absence. His caseload during that period of time was managed by other attorneys at the firm, under my supervision.

8. After October 4, 2005, Craig returned to the office and started to assume client responsibilities, first on a part-time and ultimately on a full-time basis. Kevin remained the shareholder responsible for the Lurgi case and continues in that role as of this date.

Pursuant to 28 U.S.C. § 1746, I declare under the penalties of perjury that the foregoing declaration is true and correct.

Executed on: February 10, 2006

_____
Lewis J. Pepperman