IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLIED ENVIRONMENTAL SOLUTIONS,
INC., formerly known as
Lurgi Lentjes North America, Inc.

                                                     Petitioner,       CIVIL ACTION NO. 06-0527-RMU

v.

FRANK W. HAKE, INC.,

                                                     Respondent.

## ANSWER AND CROSS-PETITION TO CONFIRM ARBITRATION AWARD

Respondent Cross-Petitioner Frank W. Hake, Inc., by and through its undersigned counsel, hereby states in response to the Petition of Allied Environmental Solutions, Inc., f/k/a Lurgi Lentjes North America, Inc. ("Lurgi") to Vacate the JAMS Arbitration Award (Arbitration No. 14500024) (the "Award") and in support of its Cross-Petition to Confirm the Award as follows:

1.      Hake admits only that Lurgi's attorney Craig Hilliard took a temporary leave of absence prior to the start of the arbitration hearings. All remaining allegations in this paragraph are denied.

2.      Denied.

3.      The Final Award speaks for itself and Hake refers Lurgi to that document for its terms.

4.      Admitted only that Craig Hilliard's medical leave of absence, followed by Willis Hembree's later alleged unavailability to testify, did result in adjournments and re-

scheduling of hearing dates that were reasonable under the circumstances presented to the Arbitrator. All remaining allegations in this paragraph are denied.

5. Denied.

6. Hake admits that its counsel and expert had approximately twelve months to prepare for the arbitration hearing, as did Lurgi's arbitration team. The remaining allegations in this paragraph are denied.

7. Admitted only that Hake objected to an open-ended adjournment because resolution of the Lurgi claim in 2005 was vital to Hake's parent being able to reach work-outs with its lenders and to obtain capital necessary to continue doing business. All remaining allegations in this paragraph are denied.

8. Denied.

9. This paragraph is denied inasmuch as the Arbitrator granted an adjournment that was just under the circumstances and that this paragraph fails to fully and accurately state the governing standard of review.

10. Denied as stated. No fees were awarded to Lurgi in the Final Arbitration Award and there was no legal error of any kind.

11. Denied.

12. Admitted.

13. Upon information and belief, admitted.

14. Admitted.

15. Admitted.

16. Admitted, except to state that the base Subcontract price was $28.5 million plus $1,598,875 for providing a work schedule with 10 days of positive float.

17. Admitted.

18. Hake admits that the Arbitrator held a preliminary scheduling conference on April 4, 2005. Hake also admits that Lurgi requested the arbitration hearings be conducted in January 2006, that Hake requested the arbitration hearings occur by June 2005 due to the financial condition of its parent company, and that the Arbitrator struck a compromise by scheduling twelve days of arbitration hearings to begin on September 6, 2005. All remaining allegations in this paragraph are denied.

19. The allegations in the first sentence of this paragraph are denied. Hake is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph and refers the Court to such information, and only such information, as was presented to the Arbitrator below.

20. Hake is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of this paragraph and refers the Court to such information, and only such information, as was presented to the Arbitrator below. The allegations in the third sentence of this paragraph are admitted.

21. Denied as stated. Hake admits only that Lurgi requested an open-ended adjournment and was instead granted a postponement of the September 6, 2005 hearing start date to September 19, 2005 due to the six reasons set forth in the Arbitrators' Order No. 6.

22. Admitted only that the first hearing date was rescheduled to September 19, 2006. All remaining allegations in this paragraph are denied.

23. The allegations in the first sentence of this paragraph are denied. Hake admits that on March 15, 2006 it withdrew its request for attorney's fees and costs. All remaining allegations in this paragraph are denied.

24. Hake is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of this paragraph and refers the Court to such information, and only such information, as was presented to the Arbitrator below.

25. Admitted only that Lurgi sent the arbitrator a letter dated September 16, 2005. Hake refers to that letter for the statements made therein, without admitting the veracity of the same.

26. Hake denies all allegations in this paragraph except to admit that hearings commenced on September 19, 2005 and that approximately 16 days of hearings were conducted.

27. The Interim Award speaks for itself and Hake therefore refers Lurgi to that document for the terms thereof. The second through fourth sentences of this paragraph are denied to the extent that they state the wrong base Subcontract amount and ignore the extensive amounts of change order and field change directive work Hake performed for Lurgi beyond the base Subcontract price, the fact that Lurgi failed to pay those amounts, and the fact that Hake performed several more months of work for Lurgi after filing its first lien claim against the project for approximately $597,000.

28. The Final Award speaks for itself and Hake therefore refers Lurgi to that document for its terms.

29. The Final Award speaks for itself and Hake therefore refers Lurgi to that document for its terms.

30. This paragraph sets forth no allegations as to which any response is required. Hake admits that it has received the documents referenced by this paragraph as exhibits to Lurgi's petition papers.

31. The allegations in this paragraph call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Hake denies the allegation set forth in this paragraph because it fails to fully and accurately state the governing legal standard.

32. The allegations in this paragraph call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Hake denies the allegation set forth in this paragraph because it fails to fully and accurately state the governing legal standard.

33. The allegations in this paragraph call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Hake denies the allegation set forth in this paragraph because it fails to fully and accurately state the governing legal standard.

34. Denied. Given the six factors set forth in Order No. 6, the Arbitrator had reasonable grounds for not granting an indeterminate, open-ended adjournment.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. The allegations in this paragraph call for a legal conclusion to which no responsive pleading is required.

40. Admitted only that the Interim Award granted Hake's request for an award of attorneys' fees subject to a fee application. All remaining allegations in this paragraph are denied.

41. Hake admits that Lurgi opposed Hake's application for an award of attorneys' fees and costs. Hake also admits that on March 8, 2006 the arbitrator permitted Hake to respond to Lurgi's opposition to said application.

42. Hake admits that it withdrew its request for attorneys' fees and costs on March 15, 2006. The remaining allegations in this paragraph are denied.

### FIRST AFFIRMATIVE DEFENSE

Lurgi has failed to state a claim upon which relief may be granted under 9 U.S.C. § 10 or Md. Cts. & Jud. Proc. Code Ann. § 3-224(b)(4) because the Arbitrator set forth multiple reasonable justifications for not granting Lurgi an indeterminate, open-ended adjournment.

### SECOND AFFIRMATIVE DEFENSE

Lurgi has failed to state a claim upon which relief may be granted under 9 U.S.C. § 10 or Md. Cts. & Jud. Proc. Code Ann. § 3-224(b)(4) because Lurgi was not precluded from presenting any material or pertinent evidence in the course of the arbitration proceedings.

### THIRD AFFIRMATIVE DEFENSE

Lurgi has waived some or all of its claims by failing to raise such claims before the Arbitrator.

### FOURTH AFFIRMATIVE DEFENSE

Lurgi's claims are barred to the extent that they rely on statements in post-arbitration declarations that were never presented to the Arbitrator.

### RESERVATION OF DEFENSES

Hake reserves the right to assert any and all other defenses, both factual and legal, as may be justified by information subsequently obtained.

WHEREFORE, Hake respectfully requests that the Court deny Lurgi's petition, grant Hake's cross-petition to confirm the Award, and grant Hake such further relief as the Court deems just and proper.

## CROSS-PETITION TO CONFIRM THAT ARBITRATION AWARD

Respondent Cross-Petitioner Frank W. Hake, Inc. ("Hake"), by its undersigned counsel, hereby Petitions the Court to confirm the Final Arbitration Award entered by JAMS (Arbitration Reference No. 14500024) on March 20, 2006 (the "Award") and states the following reasons in support thereof:

## INTRODUCTION

1. Hake brings this Cross-Petition to confirm a JAMS Final Award (Arbitration Reference No. 14500024) that Arbitrator Curtis von Kann issued in favor of Hake and against Allied Environmental Solutions, Inc., f/k/a Lurgi Lentjes North America, Inc. ("Lurgi") on March 20, 2006.

2. Under Arbitrator von Kann's written decision, Hake was awarded $12,133,651 plus interest of $2,962.24 per day from March 21, 2005 until Lurgi pays Hake the principal amount of $9,182,935.

3. Although Lurgi has filed a Petition to Vacate the Award, wherein it alleges Arbitrator misconduct, the arbitration record demonstrates that Lurgi's claims have no legal or factual support.

4. For the reasons set forth below and in Hake's Memorandum of Law, the Award must be confirmed and judgment entered in favor of Hake and against Lurgi in the amount of $12,133,651 plus interest.

5. The following documents are attached and filed with this cross-petition and are incorporated by reference:

PR: #591535 v2 (C_FJ02!.DOC)

Exhibit A—Declaration of John J. Carwile;

Exhibit B—Declaration of Jonathan M. Preziosi, with Exhibits.

## THE PARTIES

6. Hake is a Pennsylvania corporation with its principal place of business located at 1500 Chester Pike, Eddystone, Pennsylvania.

7. Lurgi is a Delaware corporation that, upon information and belief, has a principal place of business located at 9730 Patuxent Woods Drive, Suite 100, Columbia, Maryland.

## JURISDICTION AND VENUE

8. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

9. Venue is proper in this district pursuant to 9 U.S.C. §9 because the Arbitration Award that is the subject of this proceeding was made in Washington, D.C.

## STATEMENT OF FACTS

10. On May 14, 2003, Lurgi and Hake entered into a Subcontract Agreement (the "Subcontract") for a project involving the construction of two Selective Catalytic Reduction ("SCR") units at a fossil fuel burning plant owned and operated by PSE&G Fossil, LLC ("PSE&G") at Duck Island, New Jersey in 2003 and 2004 (the "Project").

11. Lurgi served as the EPC (engineering, procurement and construction) general contractor for PSE&G with respect to the Project.

12. Hake served as one of Lurgi's primary subcontractors on the Project and was responsible for erecting the structural steel, ductwork and certain other equipment necessary for the construction of the SCR units.

13. Through the Subcontract, Hake and Lurgi chose to have all disputes relating to the agreement resolved through mediation and then an "immediate" referral to binding arbitration.

14. Article 25.3 of the Subcontract, which Lurgi drafted, provided in relevant part, as follows:

> If mediation of a Dispute does not result in a mutually agreeable resolution, the Dispute shall be immediately referred to and decided by binding arbitration before an arbitrator associated with the organization J.A.M.S./Endispute (the "Arbitrator").

15. Article 25.7 of the Subcontract provided that the Arbitrator's decision would be final and that judgment may be entered upon it by any court having jurisdiction over the matter. A true and accurate copy of the parties' Subcontract is attached to Lurgi's Petition to Vacate as Exhibit 12.

16. From almost the first day of work, the Project was plagued by innumerable design errors, drawing conflicts and material nonconformities caused by Lurgi and/or by Lurgi's outside engineers and suppliers. These problems required Hake to perform significant work outside the scope of work outlined in the Subcontract.

17. Lurgi asked Hake to perform the additional work under change order authorizations called subcontract change directives ("SCCDS") between September 2003 and June 2005.

18. Hake dutifully performed all the extra work that Lurgi requested, but Lurgi failed and refused to pay for both base Subcontract work and extra work that Hake had performed at Lurgi's request.

19. On September 14, 2004, Hake filed a Mediation and Arbitration Demand against Lurgi in accordance with Article 25.6 of the Subcontract and the JAMS rules of comprehensive arbitration.

20. On December 1, 2004, Lurgi filed an Answer and Counterclaim with JAMS. Glenn Azzinari, a partner in the New York law firm of Wormser, Kiely, Galef & Jacobs LLP, filed the Answer and Counterclaim on behalf of Lurgi.

21. Mediation sessions were conducted in December 2004 and January 2005. Mr. Azzinari and Craig Hilliard, of the law firm of Stark & Stark, represented Lurgi throughout the mediation.

22. Hake's and Lurgi's attempts at mediation were unsuccessful.

23. Following the mediation, JAMS appointed, with both parties' consent, the Honorable Curtis von Kann (Ret.) to serve as the Arbitrator of the dispute.

24. Arbitration hearings were conducted before Arbitrator von Kann at JAMS offices in Washington, D.C. on the following dates: September 19-20; September 26-30; October 4-7; and November 18-22, 2005.

25. Both parties consented to the arbitration hearings taking place in Washington, D.C.

26. Lurgi appeared at the arbitration hearings, was represented by counsel and was given a full opportunity to be heard, to present evidence in support of its claims and defenses, and to examine and cross-examine witnesses that appeared at the hearings.

27. On December 23, 2006, Arbitrator von Kann issued an Interim Award.

28. On March 20, 2006, Arbitrator von Kann issued a Final Award that provided as follows:

    a. On its claims for extended time of performance and impact associated with changes, Hake shall recover nothing.

    b. On its remaining claims, Hake shall recover of Lurgi $12,133,651 plus interests of $2,962.24 per day from March 21, 2006 until Lurgi pays Hake $9,182,935 in contract payments.

    c. On its claims against Hake, Lurgi shall recover nothing.

    d. Each side shall bear their own attorneys' fees and costs.

    e. Unused arbitration fees shall be refunded to the parties in equal amounts.

29. Hake now brings this application to confirm the arbitration award within one year of it being made.

30. As set forth in Hake's Memorandum of Law in support of its cross-motion to confirm, there is no basis upon which the Award can be vacated, modified, or corrected.

31. Pursuant to 9 U.S.C. § 9 and Md. Code, Courts and Judicial Proceedings §3-227, Hake is entitled to have the Award reduced to judgment in order to enforce collection of the amounts due and owing to it from Lurgi.

32. Hake has satisfied all conditions precedent to this petition.

PR: #591535 v2 (C_FJ02!.DOC)

WHEREFORE, Hake respectfully requests that the Court grant Hake's cross-petition to confirm the Award, deny Lurgi's cross-petition to vacate the award and grant Hake such further relief as the Court deems just and proper.

> Respectfully Submitted,
>
> /s/ Charles H. Carpenter
> Charles H. Carpenter (D.C. Bar No. 432004)
> PEPPER HAMILTON LLP
> Hamilton Square
> 600 Fourteenth Street, N.W.
> Washington, D.C. 20005-1345
> Tel. (202) 220-1665
> Of Counsel:
>
> /s/ Jonathan M. Preziosi
> Jonathan M. Preziosi
> Angelo A. Stio III
> Pepper Hamilton LLP
> 300 Alexander Park
> Princeton, New Jersey 08543-5276
> Tel. (609) 951-4125
>
> Attorneys for Respondent Cross-Petitioner Frank W. Hake, Inc.

Dated: April 24, 2006