**EXHIBIT B**

**Declaration of Jonathan M. Preziosi**

The attachments to this exhibit are voluminous and have been filed with the Clerk's Office in paper format only.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLIED ENVIRONMENTAL SOLUTIONS,
INC., formerly known as
Lurgi Lentjes North America, Inc.

                Petitioner,

v.

FRANK W. HAKE, INC.,

                Respondent.

CIVIL ACTION NO. 06-0527-RMU

**DECLARATION OF JONATHAN M. PREZIOSI**

I Jonathan M. Preziosi, declare as follows:

1. I am an attorney-at-law licensed to practice in the State of New Jersey and am a partner with the law firm of Pepper Hamilton LLP, attorneys for the Respondent Frank W. Hake, Inc. ("Hake"). As such, I have personal knowledge of the facts set forth herein.

2. I make this declaration in opposition to petitioner Allied Environmental Solutions, Inc.'s Petition to Vacate the Arbitration Award and in support of Hake's Cross-Petition to Affirm the Arbitration Award. The petitioner was formerly and at all relevant times known as Lurgi Lentjes North America, Inc. The petitioner is hereinafter referred to as Lurgi in this declaration.

3. I served as one of Hake's attorneys in the underlying arbitration between Lurgi and Hake.

4. Attached hereto as Exhibit 1 is a true and accurate copy of the Answer and Counterclaim that Lurgi filed with JAMS in the subject arbitration proceedings on or about December 1, 2004. Glenn Azzinari, a partner in the New York law firm of Wormser, Kiely,

-2-

Galef & Jacobs LLP, filed the Answer and Counterclaim and entered his appearance on behalf of Lurgi.

5. Attached hereto as Exhibit 2 is a true and accurate copy of Hake's Mediation Statement, dated December 13, 2004. My office provided a copy of this mediation statement to Lurgi's counsel, Mr. Azzinari, on December 15, 2004.

6. Attached hereto as Exhibit 3 is a true and accurate copy of a January 6, 2005 correspondence from myself to Mr. Azzinari that provided further breakdown of Hake's claims as previously detailed in Hake's JAMS mediation statement (referred to hereinafter as the "Supplemental Mediation Statement").

7. Attached hereto as Exhibit 4 is a true and accurate copy of Lurgi's response to Hake's Supplemental Mediation Statement. That response was prepared by Mr. Azzinari on behalf of Lurgi.

8. Attached hereto as Exhibit 5 is a true and accurate copy of Hake's expert report which was authored by Walter Wachter, P.E. and dated April 11, 2005.

9. Lurgi's counsel first reviewed Hake's production of project documents in the underlying arbitration proceedings on May 5 and 6, 2005.

10. Attached hereto as Exhibit 6 is a true and accurate copy of Lurgi's expert report which was authored by Willis Hembree and his partner Stephen Dellers of HDH Construction Consultants, Inc. ("HDH"). This report was produced to Hake on July 20, 2005.

11. Attached hereto as Exhibit 7 are true and accurate copies of excerpts from the November 15, 2005 deposition of Lurgi's expert Stephen R. Dellers, P.E.

12. Attached hereto as Exhibit 8 is a true and accurate copy of a report authored by Lurgi's project engineer Ralph Lebron in February 2005. This report was provided

to Hake in mid-August 2005 and was previously withheld by Lurgi on the purported grounds of the attorney-client and/or work product doctrine.

13. Attached hereto as Exhibit 9 is a true and accurate copy of an August 19, 2005 correspondence from myself to Arbitrator von Kann objecting to the issuance of Mr. Lebron's report and to any testimony based thereon due to its late production and prior nondisclosure.

14. In mid-July 2005, a dispute arose concerning Lurgi's non-production of certain "claim" binders it had assembled in the course of the project to build its case against its outside engineer for poor structural steel design of the SCR units. This was the one discovery dispute as to which the Arbitrator required briefing and oral argument. The hearing on that issue was conducted via telephone and was argued primarily by Mr. Azzinari on behalf of Lurgi.

15. Hake's deposition of Lurgi's expert Willis Hembree was scheduled to occur on August 30, 2005. On that date, Lurgi advised Hake that Mr. Hembree could not appear for his deposition because his mother had suffered an unspecified medical emergency.

16. The arbitration took place on September 19, 20, 26-30, October 4-7 and November 18-22, 2005. Attached hereto collectively as Exhibit 10 are true and accurate copies of transcript excerpts from the Arbitration hearing.

17. Attached hereto collectively as Exhibit 11 are true and accurate copies of the JAMS arbitration orders not previously provided with the petitioner's exhibits. The following orders are produced herewith:

       a. No. 1, dated March 18, 2005;

       b. No. 3, dated July 12, 2005;

       c. No. 4, dated July 14, 2005;

      d.     No. 5, dated August 19, 2005;

      e.     No. 8, dated March 8, 2006.

The remaining arbitration order Nos. 2, 6 and 7 are attached to the Petition to Vacate as Exhibits 1, 2 and 4.

18.    During the arbitration, Lurgi moved 142 exhibits into evidence. Hake moved 158 exhibits into evidence. True and accurate copies of Lurgi's and Hake's exhibit lists are attached hereto as Exhibits 12 and 13, respectively.

19.    Martin Schrama from Stark & Stark defended all of Hake's depositions of Lurgi's fact witnesses in discovery before the arbitration hearings were held. Mr. Schrama also took the depositions of two of Hake's five fact witnesses, with Mr. Hilliard conducting the other three. During the arbitration, Mr. Schrama conducted the direct examination of two of Lurgi's witnesses, and also conducted the re-direct examination of Lurgi's expert Stephen Dellers.

20.    Attached hereto as Exhibit 14 is a true and accurate copy of Hake's Proposed Findings of Fact and Conclusions of Law in the subject arbitration dated November 18, 2005.

21.    Attached hereto as Exhibit 15 is a true and accurate copy of certain project correspondence dated June 4, 2004 and marked into evidence during the arbitration as Hake Arbitration Exhibit 149.

22.    Attached hereto as Exhibit 16 is a true and accurate copy of certain project correspondence dated June 4, 2004 and marked into evidence during the arbitration as Hake Arbitration Exhibit 58.

PR: #591247 v2 (C_7J02!.DOC) 128526-6

-5-

23. Attached hereto as Exhibit 17 and 18, respectively, are true copies of Mr. Azzinari's professional biographies from his firm's website as viewed on September 1, 2005 and the present date.

24. Attached hereto as Exhibit 19 is a true and accurate copy of May 10, 2005 correspondence from Mr. Azzinari to Hake's surety.

25. Attached hereto as Exhibit 20 are true and accurate copies of excerpts from the May 27, 2005 deposition of Lurgi's site manager for the subject construction project, Rob Cash.

Pursuant to 28 U.S.C. §1746, I declare under the penalties of perjury that the foregoing declaration is true and correct.

_____
Jonathan M. Preziosi

Executed on: April 24, 2006