**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ALLIED ENVIRONMENTAL SOLUTIONS, INC., formerly known as Lurgi Lentjes North America, Inc.** | |
| Petitioner, | CIVIL ACTION NO. 06-0527-RMU |
| v. | |
| **FRANK W. HAKE, INC.,** | |
| Respondent. | |

## MEMORANDUM IN SUPPORT OF MOTION TO AMEND ORDER OF APRIL 24, 2006

### INTRODUCTION

Respondent/cross-petitioner Frank W. Hake, Inc. ("Hake") hereby requests that the Court amend its Order of April 24, 2006 to the extent that said Order requires the parties to formulate a joint discovery plan, otherwise prepare for the exchange of discovery, or agree on a schedule for the submission of dispositive motions.

This is an action to confirm an arbitration award[1] and is therefore exempt from such procedure. Notwithstanding this fact, the Court's Order provides that Hake and the petitioner Allied Environmental Solutions, Inc. (formerly known as Lurgi Lentjes, NA, hereinafter referred to as "Lurgi") shall meet and confer and submit a joint report pursuant to Local Civil Rule 16.3

---

[1] Lurgi has filed an application to vacate the March 20, 2006 JAMS award in favor of Hake. Hake has applied to confirm the award. Hake has made a good faith effort to confer with Lurgi pursuant to Local Civil Rule 7(m) prior to filing this motion. On May 4, 2006, Hake's counsel conferred with Lurgi's counsel via e-mail and proposed that the parties submit a joint application to advise the Court that Rule 16.3 was not applicable to these proceedings. Lurgi's counsel have, however, stated that they believe these proceedings are not exempt from Rule 16.3.

in advance of the presently scheduled initial status conference.[2]  However, several of the provisions of this Rule do not apply, both because there is no discovery in this kind of action, and because each side's dispositive motion has already been filed.

## ARGUMENT

### I.    DISCOVERY IS IMPROPER IN THIS ACTION

This proceeding is unquestionably exempt from the requirements of Local Rule 16.3, as well as from the initial disclosure requirements of F.R.Civ.P. 26.  Rule 16.3 specifically exempts actions to enforce arbitration awards from its requirements and from the initial disclosure requirements of F.R.Civ.P. 26.  L.Civ.R.P. 16.3(b)(8).  Further, discovery is simply not available in an action to confirm or vacate an arbitration award.

The rationale for this exemption is simple.  Permitting the parties in an action to enforce or vacate an arbitration award (*see* 9 U.S.C. §9 through §12) to engage in "full scale litigation, with attendant discovery, motions [or] perhaps trial" would subvert the role of commercial arbitration, which is to "relieve congestion in the courts and to provide parties with an alternative method for resolution that would be speedier and less costly than litigation."  *O.R. Secs., Inc. v. Professional Planning Associates, Inc.*, 857 F.2d 742, 745 (11th Cir. 1988)(denying request for discovery on application to vacate arbitration award).

Thus, in *Health Serv. Mgmt. Corp. v. Charles Hughes*, 975 F.2d 1253 (7th Cir. 1992), the Seventh Circuit succinctly explained:

> It would defeat the purpose of arbitration if a reviewing court was
> obligated to give all the due process owed to parties filing actions
> of a civil nature and deserving of Federal Rule 16 treatment, e.g., a
> scheduling conference, hearing, etc.  Thus, the court's function in

---

[2] Exemption of this action from Rule 16.3 may also warrant a status conference date earlier than August 28, 2006, to the extent the Court's calendar permits.

>confirming or vacating an arbitration award is severely limited. If it were otherwise, the ostensible purpose for resort to arbitration, i.e, avoidance of litigation, would be frustrated.

*Id.* at 1258 (internal citations and quotation marks omitted). Notwithstanding the fact that discovery is not available in this action, the Court's Order, by its incorporation of Rule 16.3, implies that the parties must confer concerning "[t]he anticipated extent of discovery, how long discovery should take," and other related topics. Rule 16.3(c)(8).

## II. THE PARTIES' CROSS-PETITIONS REGARDING ENFORCEMENT OF THE ARBITRATION AWARD, WHICH ARE REQUIRED TO BE TREATED AS DISPOSITIVE MOTIONS, WILL SOON BE RIPE FOR DECISION

The parties should also be relieved of compliance with paragraph (6) of Rule 16.3 -- discussion of setting a date for the filing of dispositive motions -- because such motions have already been filed, and are nearly fully briefed. By statute, applications for confirmation of an arbitration award are to be treated as motions: Section 6 of the Federal Arbitration Act provides that applications to either confirm or vacate arbitration awards are to be brought as motions. 9 U.S.C. §6. That is, proceedings involving the enforcement of an arbitration award are fundamentally different than those that arise from an ordinary complaint and answer. "*Moreover, a district court need not conduct a full hearing on a motion to vacate or confirm; such motions may be decided on the papers without oral testimony.*" *Booth v. Hume Publ'g Inc.*, 902 F.2d 925, 932 (11th Cir. 1990) (emphasis added).

Here, the parties are currently in the process of briefing, fully and completely, their respective positions on confirmation of the March 20, 2006 JAMS Arbitration Award. What they have each filed are, under section 6 of the FAA, essentially dispositive motions. Specifically, on March 21, 2006, Lurgi commenced the instant matter by filing its Petition to Vacate and supporting memorandum and affidavits. Though Lurgi's papers are styled as a "Petition to Vacate," they should nonetheless be treated as a motion, pursuant to 9 U.S.C. §12:

"[n]otice of a motion to vacate . . . an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  "The liberality of the . . . Federal Rules is such that an erroneous nomenclature does not prevent the court from recognizing the true nature of a motion."  *O.R. Secs., Inc.*, 857 F.2d at 746 (treating complaint to vacate arbitration award, and both parties' briefing with respect thereto, as cross-motions made under the FAA).  The same result should apply here, where the memoranda of both parties submitted to the Court will fully brief the parties' respective positions on enforcement of the Award.  *Id.* at 746.  On April 24, 2006 Hake filed its Opposition to Lurgi's Petition to Vacate and Cross-Petition to Enforce the Award.  The Court has ordered that Lurgi's response to Hake's Cross-Petition be filed on or before May 22, 2006.  Hake's reply memorandum will be submitted within the time prescribed by Local Rule 7.  At that time, the Court will have all of the relevant materials before it needed to decide this matter in full.  No discovery or other procedure attendant to "full scale litigation" is provided for, nor warranted, in FAA cases such as this.

## CONCLUSION

The Court will soon have before it dispositive motions, fully briefed and ripe for review. For the foregoing reasons, Hake respectfully requests that the Court's April 24, 2006 Order be amended to omit the requirements of Local Rule 16.3.

                        Respectfully submitted,

                        /s/ Charles H. Carpenter
                        Charles H. Carpenter (D.C. Bar No. 432004)
                        PEPPER HAMILTON LLP
                        Hamilton Square
                        600 Fourteenth Street, N.W.
                        Washington, D.C.  20005-1345
                        Tel. (202) 220-1665

                        /s/ Jonathan M. Preziosi
                        Jonathan M. Preziosi
                        Angelo A. Stio III
                        Pepper Hamilton LLP
                        300 Alexander Park
                        Princeton, New Jersey  08543-5276
                        Tel. (609) 951-4125

                        Attorneys for Respondent Cross-Petitioner
                        Frank W. Hake, Inc.

Dated: May 8, 2006