IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIED ENVIRONMENTAL SOLUTIONS, INC., formerly known as Lurgi Lentjes North America, Inc.,<br><br>                                      Petitioner,<br><br>                 v.<br><br>FRANK W. HAKE, INC.,<br><br>                                      Respondent. | Civil Action No. 06-0527-RMU |

**PETITIONER'S OPPOSITION TO
RESPONDENT'S MOTION TO AMEND
COURT'S ORDER OF APRIL 24, 2006**

Petitioner, Allied Environmental Solutions, Inc., f/k/a/ Lurgi Lentjes North America, Inc. ("Petitioner" or "Lurgi"), filed its petition to vacate the underlying arbitration award on March 21, 2006 (the "Petition"). Respondent, Frank W. Hake, Inc. ("Hake" or "Respondent") subsequently filed an answer and cross-petition to confirm the arbitration award on April 24, 2006. Upon the filing of Hake's answer, the Court scheduled an initial conference for August 28, 2006.

Hake's motion to exempt this matter from the meet and confer requirements of LCvR 16.3 incorrectly attempts to redefine this case as only "an action to confirm an arbitration award."[1] Hake's motion ignores, however, that this case is not an action to *enforce* an arbitration award, but rather an action to *vacate* an award. Lurgi is not asking the Court to "rubber stamp" an underlying arbitration award. Rather, the Court is being asked to vacate the award because of

---

[1] LCvR 16.3(b)(8) specifically exempts cases to confirm arbitration awards from the duty to confer and from Fed. R. Civ. P. 16(b) and 26(f) conferences. The rules do not exempt cases to vacate or modify arbitration awards.

1

the significant and substantial due process considerations and the arbitrator's failure to comply with the applicable arbitration statutes, including 9 U.S.C. § 10.

A plain reading and application of LCvR 16.3(b) shows that an action to vacate an arbitration award is *not* exempt from the initial conference requirements of the local and federal rules. The local rule's nine narrow and specific exceptions to the duty to confer could easily have been expanded to include "actions to enforce, *vacate, or modify* an arbitration award," if that was indeed the intent of the rule and its drafters. That is simply neither the language nor the evident intent of the rule.

Hake's motion cites no authority for the proposition that LCvR 16.3(8) exempts actions to vacate or modify an arbitration award from the duty to confer requirements of the local and federal rules. Moreover, given the complicated facts underlying this dispute and the grounds articulated by each party for, respectively, vacatur and confirmation of the award, the Court may wish to hold a conference in order to schedule oral argument or provide the parties an opportunity for limited discovery as appropriate. This has been done in similar cases. *See, e.g., Rintin Corp., S.A. v. Domar, Ltd.* 374 F.Supp.2d 1165, 1166 n. 1 (S.D. Fl. 2005) (court held a Rule 16 scheduling conference to discuss the procedural posture of the cross-motions to vacate/confirm arbitral award and to establish a consolidated briefing schedule for the motions. Oral argument on the motions was subsequently scheduled).

In sum, Petitioner respectfully submits that this action to vacate an arbitration award is not exempt from the requirements of LCvR 16.3 and that the initial conference should be conducted as scheduled on August 28, 2006, per the Court's Order. Accordingly, Hake's motion to amend the Court's Order of April 24, 2006 should be denied in all respects.

Dated: May 18, 2006

Respectfully submitted,

/s/ James H. Hulme
James H. Hulme (D.D.C. Bar No. 323014)
Matthew M. Wright (D.D.C. Bar No. 474731)
ARENT FOX PLLC
1050 Connecticut Ave., NW, Suite 500
Washington, DC 20036-5339
Tel: 202-857-6144

*Attorneys for Petitioner Allied Environmental Solutions, Inc., f/k/a/ Lurgi Lentjes North America, Inc.*