IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIED ENVIRONMENTAL SOLUTIONS, INC., formerly known as Lurgi Lentjes North America, Inc., <br><br> Petitioner, <br><br> v. <br><br> FRANK W. HAKE, INC., <br><br> Respondent. | Civil Action No. 06-0527-RMU |

## ANSWER TO RESPONDENT'S CROSS-PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Allied Environmental Solutions, Inc., f/k/a/ Lurgi Lentjes North America, Inc. ("Petitioner" or "Lurgi"), by and through its undersigned counsel, hereby answers the cross-petition of Frank W. Hake, Inc. ("Hake") to confirm the JAMS Arbitration Award (Arbitration No. 14500024) as follows:

1. The allegations of paragraph 1 state a legal conclusion to which no response is required.

2. The Arbitrator's award speaks for itself and, therefore, any allegations in paragraph 2 that are inconsistent therewith are denied.

3. Lurgi admits that it has filed a petition to vacate the arbitration award. Lurgi further admits that its petition to vacate the arbitration award alleges Arbitrator misconduct. All other allegations in paragraph 3 are denied.

4. Denied.

5. Lurgi admits that Hake attached two declarations to its cross-petition. The substantive averments of those declarations are generally denied.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Lurgi admits that Section 25 of the Subcontract provides that the parties were to refer all disputes concerning the contract to arbitration. Lurgi also admits that Hake attempted to circumvent this agreement by filing numerous lien claims in New Jersey state court before ultimately filing a Mediation and Arbitration Demand. All other allegations in paragraph 13 are denied.

14. Admitted.

15. The allegations of paragraph 15 state a legal conclusion to which no response is required.

16. Lugi admits that almost from the beginning of the project, Lurgi and Hake had serious disagreements regarding project management, overruns, delays within Hake's scope of work and technical issues. The remaining allegations of paragraph 16 are denied.

17. Lurgi admits that some additional work was performed pursuant to the SCCDS documents, but notes that the scope and cost impact of the work were in dispute in the arbitration. Lurgi denied the remaining allegations of the paragraph and demands strict proof.

18. Denied.

19. Admitted.

20. Admitted.

21. Lurgi admits that Craig Hilliard, Esq. of the law firm of Stark & Stark was lead counsel representing Lurgi during the mediation. Lurgi further admits that Glenn Azzinari, Esq., a transactional attorney of the law firm Wormser, Kiely, Galef & Jacobs LLP in New York City, served as outside general counsel to Lurgi and was involved only in a supervisory capacity. All other allegations of paragraph 21 are denied.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Lurgi admits that it appeared at the arbitration hearings. Lurgi further admits that it was represented by Kevin Hart, Esq. of the law firm Stark & Stark, despite the fact that Mr. Hart had only days to prepare for this complex, multi-million arbitration. Lurgi denies that it was given a fair opportunity to present evidence in support of its claims and defenses and to examine and cross-examine witnesses that appeared at the hearings.

27. Admitted.

28. The Arbitrator's award speaks for itself and, therefore, any allegations in paragraph 28 that are inconsistent therewith are denied.

29. The allegations of paragraph 29 state a legal conclusion to which no response is required.

30. Denied.

31.  The allegations of paragraph 31 state a legal conclusion to which no response is required.

32.  The allegations of paragraph 32 state a legal conclusion to which no response is required.

### FIRST AFFIRMATIVE DEFENSE

Hake has failed to state a claim upon which relief may be granted under 9 U.S.C. § 9 because the Arbitrator's refusal to continue the hearings under the circumstances presented amounted to fundamental unfairness and misconduct sufficient to vacate the award pursuant to section 10(a)(3) of the Federal Arbitration Act.

### SECOND AFFIRMATIVE DEFENSE

Hake's claims are barred by the doctrine of unclean hands.

### RESERVATION OF DEFENSES

Lurgi reserves the right to assert any and all other defenses, factual, legal, and equitable, as may be justified by information subsequently obtained.

Date: May 22, 2006                                 Respectfully submitted,

                                                                    /s/
                                    James H. Hulme (D.D.C. Bar No. 323014)
                                    Matthew M. Wright (D.D.C. Bar No. 474731)
                                    ARENT FOX PLLC
                                    1050 Connecticut Ave., NW, Suite 500
                                    Washington, DC 20036-5339
                                    Tel: 202-857-6144

                                    *Attorneys for Petitioner Allied Environmental Solutions, Inc., f/k/a/ Lurgi Lentjes North America, Inc.*