# EXHIBIT 2

Case 1:06-cv-00527-RMU    Document 11-3    Filed 05/22/2006    Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIED ENVIRONMENTAL SOLUTIONS, INC., formerly known as Lurgi Lentjes North America, Inc., <br><br> Petitioner, <br><br> v. <br><br> FRANK W. HAKE, INC., <br><br> Respondent. | Civil Action No. 06-0527-RMU |

## SUPPLEMENTAL DECLARATION OF KEVIN M. HART

I, Kevin M. Hart, declare as follows:

1. The following statements are intended to supplement my February 10, 2006 Declaration, appended to Lurgi's Petition to Vacate as Exhibit 9.

2. By letter dated September 16, 2005, I advised the arbitrator and Hake's counsel of Willis Hembree's cardiac incident as soon as I was advised of this situation.

3. Following Mr. Hembree's cardiac episode, Martin Schrama, the associate attorney assisting me during this arbitration, was in continual contact with Mr. Hembree's partner and colleague at HDH Consulting, Stephen Dellers, in order to receive updated information regarding Mr. Hembree's medical condition and status.

4. As Lurgi's counsel, I apprised the Arbitrator and Hake's counsel of all information regarding Mr. Hembree's medical status as I learned of it.

5. Despite my written and oral objections to continuing the arbitration proceedings after the sudden withdrawal of Lurgi's lead counsel, Craig Hilliard, and the uncertainty of Mr.

Hembree's availability during the arbitration, Arbitrator von Kann stated that he would not further delay the arbitration hearing by granting Lurgi's request for an adjournment/continuance. The Arbitrator began the proceedings and reiterated the same justifications for pressing forward as were articulated in his Order No. 6, including (unevidenced) financial pressures on Hake and its parent company, as well as demands upon the Arbitrator's own calendar later in the year.

6. On September 29, 2005, (several days into the proceeding), the Arbitrator and the parties held a telephone conference with Mr. Hembree's colleague, Stephen Dellers. It was made clear to all parties that the strain of Mr. Hembree's medical condition and other family issues would prevent him from participating in *any* capacity during the arbitration. Thus, Lurgi was left without a testifying expert witness to rebut Mr. Wachter's opinion testimony and to assist in the presentation of Lurgi's affirmative claims. Lurgi's request for a reasonable continuance was denied.

7. In response to the Arbitrator's denial of Lurgi's request for a continuance, Mr. Dellers represented that he would assume Mr. Hembree's role as a testifying expert. Arbitrator von Kann asked Mr. Dellers to give him a date when he would be prepared to testify. Mr. Dellers provided a date that the Arbitrator accepted. Mr. Dellers was given only a small fraction of the time that Hake's expert was allowed to prepare.

8. The prejudice to Lurgi from the Arbitrator's denial of a reasonable continuance under these circumstances was substantial, real, and obvious.

Pursuant to 28 U.S.C. § 1746, I declare under the penalties of perjury that the foregoing declaration is true and correct.

Executed on: May 22, 2006

_____
Kevin M. Hart