IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ALLIED ENVIRONMENTAL SOLUTIONS, INC.**, formerly known as
Lurgi Lentjes North America, Inc.

                                      **Petitioner,**        Civil Action No. 06-0527-RMU

                      v.

**FRANK W. HAKE, INC.,**

                                      **Respondent.**

## REPLY MEMORANDUM IN SUPPORT OF
## MOTION TO AMEND ORDER OF APRIL 24, 2006

      Respondent/cross-petitioner Frank W. Hake, Inc. ("Hake") respectfully submits this reply memorandum in further support of its motion to amend the Court's Order of April 24, 2006. For the reasons set forth in Hake's moving papers, this proceeding is exempt from discovery and from the normal pre-trial discovery obligations of Local Civil Rule 16.

      Lurgi's so-called "plain reading" of the Local Rules that LCvR 16.3(b) does not exempt proceedings to vacate (as opposed to proceeding to confirm) an arbitration award from normal discovery obligations is a game of semantics that conflicts with the extremely narrow function courts are to perform when reviewing an arbitration award. The case law is clear that actions to **vacate** arbitration awards, not just actions to **confirm** arbitration awards, are exempt from discovery and from Rule 16 treatment. *See O.R. Secs., Inc. v. Professional Planning Associates, Inc.*, 857 F.2d 742, 745 (11th Cir. 1988) (discovery not appropriate in action to vacate arbitration award). *See also Health Serv. Mgmt. Corp. v. Charles Hughes*, 975 F.2d 1253, 1258 (7th Cir.

1992) (Rule 16 treatment not appropriate in action to vacate arbitration award based on alleged arbitrator misconduct).

Luigi does not even address the foregoing cases cited by Hake in its moving memorandum. Instead, Lurgi concocts an argument that in "similar cases" courts have held conferences to "*provide the parties an opportunity for limited discovery*". Lurgi's Brf. at 2 (emphasis added). However, the sole case cited by Lurgi as support for its argument provides no such support at all. *See Rintin Corp., S.A. v. Domar, Ltd.*, 374 F.Supp.2d 1165, 1166 n. 1 (S.D. Fl. 2005). Though *Rintin* did indeed involve cross-motions to vacate/confirm an arbitration award, there was *no* mention that any discovery was permitted in that case. The *Rintin* opinion merely notes that a Rule 16 scheduling conference was held "wherein the procedural posture of the cross-motions were discussed," and that the Court in that case did "set a consolidated briefing schedule for the motions." *Id.* Otherwise, *Rintin* bears no relevance whatsoever to this case.

Accordingly, Hake respectfully requests that the Court's April 24, 2006 Order be amended to reflect that this case is exempt from the discovery provisions of Local Civil Rule 16 because discovery is neither provided for, nor warranted, in Federal Arbitration Act cases to confirm/vacate an arbitration award.

                                                          Respectfully submitted,

                                                          /s/ Charles H. Carpenter
                                                          Charles H. Carpenter (D.C. Bar No. 432004)
                                                          PEPPER HAMILTON LLP
                                                          Hamilton Square
                                                          600 Fourteenth Street, N.W.
                                                          Washington, D.C. 20005-1345
                                                          Tel. (202) 220-1665

        /s/ Jonathan M. Preziosi_____
        Jonathan M. Preziosi
        Angelo A. Stio III
        Pepper Hamilton LLP
        300 Alexander Park
        Princeton, New Jersey  08543-5276
        Tel. (609) 951-4125

        Attorneys for Respondent Cross-Petitioner
        Frank W. Hake, Inc.

Dated: May 24, 2006