IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ALLIED ENVIRONMENTAL SOLUTIONS,**
**INC., formerly known as**
**Lurgi Lentjes North America, Inc.,**

          **Petitioner,**

      v.            Civil Action No. 06-0527-RMU

**FRANK W. HAKE, INC.,**

          **Respondent.**

## PETITIONER'S MOTION FOR LEAVE TO FILE A SURREPLY

Petitioner Allied Environmental Solutions, Inc., f/k/a/ Lurgi Lentjes North America, Inc. ("Petitioner" or "Lurgi"), by and through its undersigned counsel, respectfully requests leave to file a brief Surreply in Opposition to Respondent Frank W. Hake, Inc.'s ("Respondent's" or "Hake's") May 30, 2006, "Reply Memorandum," which raises new issues not previously raised in Hake's original opposition to Lurgi's Petition to Vacate the Arbitration Award ("Petition").

Lurgi seeks leave to file a short Surreply to rebut Respondent's newly raised arguments, such as Hake's assertion that statutory grounds for vacatur do not exist because the arbitrator offered Lurgi token continuances in this case.  This new argument by Hake addresses the substance and merits of Lurgi's Petition, not Hake's cross-petition for confirmation of the award, and is not an appropriate argument to raise in a "reply."  In addition, Hake's "Reply Memorandum" contains erroneous statements that should not stand unchallenged.  Because Lurgi has the burden of demonstrating prejudicial error if the arbitration award is to be vacated, Lurgi is entitled to the last word in briefing and at any oral argument the court may entertain regarding its Petition.  *See, e.g., Princess Cruises, Inc. v. U.S.*, 397 F.3d 1358, 1361 (Fed. Cir.

2005) (appellants who bear burden of proof "are entitled to the last word in both the briefs and at oral argument").  Lurgi's brief Surreply is attached hereto as Exhibit 1.

WHEREFORE, Petitioner submits that the Court should accept for filing the attached Surreply which responds to the newly raised argument and other erroneous assertions in Respondent's "Reply Memorandum."

                                      **Respectfully submitted,**

                                      _____/s/_____
                                      **James H. Hulme (D.D.C. Bar No. 323014)**
                                      **Matthew M. Wright (D.D.C. Bar No. 474731)**
                                      **ARENT FOX PLLC**
                                      **1050 Connecticut Ave., NW, Suite 500**
                                      **Washington, DC 20036-5339**
                                      **Tel:  202-857-6144**

                                      *Attorneys for Petitioner Allied Environmental*
                                      *Solutions, Inc., f/k/a/ Lurgi Lentjes North America,*
                                      *Inc*.

### LCvR 7(m) Certification

Pursuant to LCvR 7(m), Petitioner's counsel attempted to contact Respondent's counsel by phone on June 13, 2006 to determine if there was opposition to the motion.  After leaving a voice message, Petitioner's counsel followed up with an electronic mail request for consent on June 14, 2005.  Respondent's counsel replied by phone on June 14, 2006 and declined to consent to the motion.

                                      _____/s/_____
                                      James H. Hulme