**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| ALLIED ENVIRONMENTAL SOLUTIONS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-527 (RMU) |
| | : | | |
| v. | : | Document No.: | 8 |
| | : | | |
| FRANK HAKE, INC., | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM ORDER**

GRANTING THE PLAINTIFF'S MOTION TO AMEND

**I.   INTRODUCTION**

In this case, the plaintiff asks the court to vacate an arbitration award, claiming that the arbitration proceedings violate a provision of the Federal Arbitration Act and a provision of the Maryland Uniform Arbitration Act.  In the current motion, the plaintiff asks the court to amend a prior court notice scheduling a status conference and directing the parties to meet and confer prior to that conference pursuant to Local Civil Rule 16.3.  Because Local Rule 16.3 specifically exempts cases concerning judicial review of arbitration proceedings from the obligation to meet and confer and because requiring the parties in this case to meet and confer, and develop a discovery plan, makes little sense, the court grants the plaintiff's motion by vacating the August 28, 2006 status hearing as well as its order requiring the parties to meet and confer.  The parties' briefing on the plaintiff's motion to vacate the arbitration award is complete, and the court will rule on that motion in a subsequent memorandum opinion.

## II.    ANALYSIS

On March 20, 2006, retired Judge Curtis von Kann, acting as an arbitrator through the arbitration organization JAMS, issued a final award in an arbitration proceeding between defendant Frank Hake, Inc. and Lurgi Lentjes North America Inc., a predecessor company of the plaintiff.  Pet. to Vacate Arbitration Award ("Pet.") Ex. 6.  In this final award, Judge von Kann awarded Hake $12,133,651.00 plus daily interest of roughly $3,000.  *Id.* at 34.  The plaintiff has filed the current action in this court seeking vacatur of the arbitration award.  Pet. ¶¶ 9,10.

As a matter of course, on April 24, 2006, the clerk of the court issued a notice to the parties via the court's electronic filing system of a status conference with the court on August 28, 2006, and requiring the parties to meet and confer pursuant to Local Rule 16.3.  Notice (April 24, 2006).  The plaintiff now asks the court to amend that notice, claiming that Local Rule 16.3's requirement that parties meet and confer does not apply to arbitration award review cases.  Pl.'s Mot.  The court agrees.

Under Local Rule 16.3, parties must "confer in accordance with this Rule and Rule 26(f), Federal Rules of Civil Procedure" to, among other things, "[d]evelop a discovery plan that indicates the parties' views and proposals."  LcvR 16.3(a).  Nine specific types of cases, including "an action to enforce an arbitration award," are exempt from this meet and confer requirement.  LcvR 16.3(b)(8).  In general, these nine types of cases concern judicial review of a prior proceedings or review of an administrative record.  *See* LcvR 16.3(b) (*e.g.*, exempting reviews of administrative records, habeas corpus reviews, actions to enforce or quash administrative subpoenas, and FOIA actions).  Matters to be discussed in a meet and confer conference include issues pertaining to the limitations and scope of discovery and the parties'

projected course for the litigation.  LcvR 16.3(c).  In this case, however, the court need only review the administrative record already supplied to the court by the parties in their briefs on the plaintiff's petition to vacate and the defendant's cross petition to confirm.

The defendant argues that Rule 16.3 exempts actions *to enforce* arbitration awards and not actions *to vacate* arbitration awards.  Def.'s Opp'n at 2.  While the court appreciates the defendant's attention to detail in noticing the semantic distinction between enforcement and vacatur proceedings, the defendant's argument is otherwise unpersuasive.  Whether the court is asked to enforce or vacate an arbitration award, the practical steps the court must take in resolving the controversy are the same: review of the parties' briefing, review of the arbitration record, assure consistency with applicable law and issue a ruling.[1]  9 U.S.C. § 9 (stating that courts will grant an unopposed motion to enforce unless "the award is vacated, modified, or corrected"); *see also, Booth v. Hum Publ'g Inc.*, 902 F.2d 925, 932 (11th Cir. 1990) (indicating that "the district court need not conduct a full hearing on a motion to vacate or confirm; such motions may be decided on the papers without oral testimony").  In petition to vacate cases, like petition to enforce cases, there is no need for discovery and, therefore, no need for the parties to meet and confer.  *Id.* (stating that "judicial review of the arbitration process and of the amount of the award is narrowly limited").  Accordingly, the court rejects the defendant's rigid and narrow reading of Local Rule 16.3(b)(8).

---

[1] The court rejects the defendant's unsupported and presumptuous assertion that the two types of reviews differ because proceedings to enforce arbitration awards under Local Rule 16.3(b)(8) are tantamount to a "rubber stamp" of the underlying arbitration award. Def.'s Opp'n at 2.

Therefore, it is this 29th day of June, 2006 hereby

**ORDERED** that the plaintiff's motion to amend is **GRANTED**, and it is

**FURTHER ORDERED** that the August 28, 2006 status hearing is **VACATED**, and it is

**ORDERED** that the court's prior order that the parties meet and confer is **VACATED**.

**SO ORDERED**.

                                            RICARDO M. URBINA
                                     United States District Judge